# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:97-CR-7-12-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>MICHAEL ORLANDO LOCKHART, )<br>)<br>Defendant. )<br>) | **ORDER** |

Upon receipt of a letter from Defendant challenging the Court's action on his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, the Court reaffirms it decision to impose a reduced sentence of **170 months**, which represents a 10 month reduction in sentence for this Defendant, and which is 92 months less than the amended guideline range applicable to this Defendant in consideration of the Defendant's substantial assistance. This decision was based on a comprehensive review of the record – which required weighing Defendant's career offender status and other offense characteristics, including his demonstrated propensity for recidivism (Defendant committed the instant offense while on parole following a term of imprisonment for another drug conviction), against the relatively good conduct and rehabilitative potential he has displayed in prison, including his successful completion of the drug education program and current placement in a federal prison work camp. Defendant's court-appointed counsel vigorously represented him in this matter, and the Court's decision to reduce Defendant's sentence only by 10 months was not the result of any ineffective assistance of counsel but was based on the settled legal principle that a decision to grant a sentence reduction which is authorized by a retroactive amendment is discretionary and that retroactivity does not entitle a defendant to a reduced

term of imprisonment as a matter of right.  See U.S.S.G. § 1B1.10 (Background).

In this case, the Court deemed it appropriate to give Defendant some benefit from Amendment 706, but also felt it necessary to ensure that Defendant served a period of incarceration adequate to achieve full rehabilitation and to promote respect for the law.  The Court determined, in its discretion, that a sentence of **170 months** was adequate, but no greater than necessary, to accomplish the sentencing objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.  To the extent that Defendant's letter motion requests reconsideration of this action, it is DENIED.

The Clerk is directed to mail a copy of this Order and the Court's prior Orders concerning the § 3582 motion to the Defendant at the following address:

>Michael O. Lockhart
>Reg. No. 13020-058
>Hazelton FPC
>P.O. Box 2000
>Bruceton Mills, WV 26525-2000

IT IS SO ORDERED.

Signed: October 7, 2008

Frank D. Whitney
United States District Judge